UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
:
RAYMOND FRANCIS CLARK, JR.            :        3:18 CV 1903 (RMS)
:
V.                                    :
:
ANDREW SAUL, COMMISSIONER OF          :
SOCIAL SECURITY                       :        DATE: MARCH 9, 2021
:
------------------------------------------------------- x

RULING ON THE PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)

On March 3, 2021, the plaintiff's counsel filed a Motion for Approval of Attorney's Fees pursuant to 42 U.S.C. § 406(b), seeking an award of fees in the amount of $17,005.25, which amount represented 25% of the past due benefits paid on the plaintiff's account. (Doc. No. 18). On March 5, 2021, the defendant filed his response in which he did not object to the amount requested and represented that, in his limited role in Section 406(b) matters, the amount requested did not exceed the statutory cap and did not constitute a windfall, there was no evidence of fraud or overreaching, and the plaintiff's motion was timely.  (Doc. No. 19).  Accordingly, for the reasons set forth below, the plaintiff's Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 18) is GRANTED.

I.      PROCEDURAL BACKGROUND

On February 23, 2021, the Social Security Administration informed the plaintiff that he would be paid his past due benefits for January 2015 through May 2020 and that it withheld twenty-five percent of the past due benefits, totaling $17,005.25, for payment of an approved representative's fee.  (Doc. No. 18-1; *see also* Doc. No. 18-2 (notice to plaintiff's counsel)). Pursuant to the retainer agreement between the plaintiff and his counsel, entered on November 6,

2019, and consistent with 42 U.S.C. § 406(b), the plaintiff's counsel was to receive the payment of an attorney's fee in the amount of 25% of the retroactive benefit award. (Doc. No. 18-2). Accordingly, the plaintiff's counsel requests an award of $17,005.25 under § 406(b).

## II.     LEGAL STANDARD

Pursuant to 42 U.S.C. § 406(b)(1), "'[w]henever a court renders a judgment favorable to a claimant . . . who is represented before the court by an attorney, the court may determine and allow as part of the judgment a reasonable fee for such representation,' but that fee may not exceed '25 percent of the total of the past-due benefits to which the claimant is entitled.'" *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 321-22 (S.D.N.Y. 2007) (quoting 42 U.S.C. § 406(b)(1)(A)). Thus, under section 406(b) of the Social Security Act, attorney fee awards are paid directly to the claimant's attorney out of the claimant's past benefits due pursuant to the terms of a contingency agreement. 42 U.S.C. § 406(b)(1)(A); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002); *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) ["*Wells II*"] (holding that "the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for the evaluation of a reasonable fee under § 406(b)."); *Gray v. Berryhill*, No. 15 CV 949-A, 2018 WL 5924747, at *2 (W.D.N.Y. Nov. 13, 2018) (holding that "[f]ees requested pursuant to § 406(b) come from the attorney's client's recovery. They do not come, as they do in the [Equal Access to Justice Act] context, from the public fisc.").

The effect of section 406(b) "is threefold. It fix[es] a maximum percentage for contingent fees; [it] permit[s] recovery of such fees only out of past due benefits; and [it] require[s] court approval for whatever amount of such fees should be paid." *Wells v. Bowen*, 855 F.2d 37, 41 (2d Cir. 1988) (citations & internal quotation marks omitted). Accordingly, when considering a fee application under section 406(b), "a court's primary focus should be on the reasonableness of the

contingency in the context of the particular case; and the best indicator of 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculation." *Wells II*, 907 F.2d at 371.

The Court is tasked with determining the reasonableness of a fee award under 42 U.S.C. § 406(b). *See Gisbrecht*, 535 U.S. at 807; *Wells II*, 907 F.2d at 372. The court must consider: (1) whether the amount requested exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells II*, 907 F.2d at 372.

In this case, the plaintiff's counsel seeks an award of $17,005.25, totaling twenty-five percent of the past due benefits. (Doc. No. 18 at 1). It is undisputed that this requested amount does not exceed the statutory cap. The plaintiff's counsel asserts that he spent a total of 39.4 hours of service at the district court level; thus, the *de facto* hourly rate would be $431.60 ($17,005.25 divided by 39.4 hours). (Doc. No. 18 at 4-5). The defendant agrees this amount is not a "windfall." (Doc. No. 19 at 3-4 ("Courts have not considered an hourly rate in this range to be a windfall." (footnote omitted)). Additionally, the defendant agrees "there is no evidence of fraud or overreaching." (Doc. No. 19 at 1). Accordingly, the Court concludes the contingent fee requested is reasonable. *See Mingione v. Berryhill*, 3:17 CV 911 (WIG), Doc. No. 31 (D. Conn. Apr. 8, 2020) (approving $625.40 per hour); *see also Benoit v. Berryhill*, 3:19 CV 443 (WIG), Doc. No. 19 (D. Conn. Apr. 30, 2020) (approving $570.50 per hour); *Mitchell v. Astrue*, 09-CV-83 (NGG) (SMG), 2019 WL 1895060, at *5-6 (E.D.N.Y. Apr. 29, 2019) (citing cases). Furthermore, there is no contest concerning the timelines of this motion. (*See* Doc. No. 19 at 4-5).

Where counsel receives fees for the same work under the Equal Access to Justice Act ("EAJA") and 42 U.S.C. § 406(b), counsel must return the smaller of the two fees to the plaintiff. *See Gisbrecht*, 535 U.S. at 796. The plaintiff's counsel acknowledges he will refund the plaintiff the EAJA fee of $7,500.00. (Doc. No. 18 at 1; *see* Doc. No. 17).

Accordingly, the plaintiff's Motion for Approval of Attorney's Fees under 42 U.S.C. § 406(b) (Doc. No. 18) is GRANTED in the amount of $17,005.25. Consistent with the plaintiff's counsel's representation and obligation, he shall refund the EAJA award to the plaintiff.

III.  CONCLUSION

For the reasons stated above, the plaintiff's Motion for Approval of Attorney's Fees under 42 U.S.C. § 406(b) (Doc. No. 18) is GRANTED in the amount of $17,005.25. Consistent with the plaintiff's counsel's representation and obligation, he shall refund the EAJA award to the plaintiff.

SO ORDERED at New Haven, Connecticut the 9th day of March, 2021.

       /s/ Robert M. Spector
Robert M. Spector
United States Magistrate Judge